IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALWINDERPAL SINGH,<br><br>            Plaintiff,<br>     v.<br><br>MICHAEL CHERTOFF, SECRETARY<br>OF HOMELAND SECURITY, et al.,<br><br>            Defendants. | CV F 06-1895 AWI DLB<br><br>MEMORANDUM OPINION<br>AND ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>DISMISS<br><br>ORDER DISMISSING ACTION<br><br>(Document #7) |

## BACKGROUND

On December 28, 2006, Plaintiff filed a complaint for a declaratory judgment of naturalization under 8 U.S.C. § 1447(b) and 8 U.S.C. § 1421(c) and for fees under 5 U.S.C. § 504 and 28 U.S.C. § 2412.  The complaint alleges that Plaintiff filed an application for naturalization on or about September 16, 2004.  The complaint alleges that Plaintiff took the United States Citizenship test on February 17, 2005.   The complaint alleges that Plaintiff has checked on the status of his application and been told that he has to wait for security clearance.  The complaint alleges that on or about September 7, 2005, Plaintiff received notification that his application had been denied.  The complaint alleges that on or about September 28, 2005, Plaintiff filed an appeal.  The complaint alleges that Defendants' inactions represent a denial of Plaintiff's appeal.  Plaintiff requests this court de novo review his application for naturalization pursuant to 8 U.S.C. § 1447(b) and 8 U.S.C. § 1421(c).

On February 28, 2007, Defendants filed a motion to dismiss the complaint for lack of jurisdiction. Defendants agree with the evidence provided by Plaintiff – Plaintiff's application for naturalization was denied on September 7, 2005, and Plaintiff filed an appeal on September 28, 2005. Defendants contend that this court lacks jurisdiction because Plaintiff's application has been denied and he must await the outcome of administrative review prior to filing an action in this court.

On March 14, 2007, Plaintiff filed an opposition. Plaintiff contends that Defendants were required to rule on his appeal within 180 days. Plaintiff contends that the lengthy delay in this case is tantamount to a deal of the appeal.

On March 19, 2007, Defendants filed a reply. Defendants contend that they are prepared to issue a decision on the administrative appeal within thirty days of dismissal of this lawsuit. Defendants claim that they have not proceeded to adjudicate the appeal which this action is pending.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1).

A defendant may attack the existence of subject matter jurisdiction apart from the

pleadings.[1]  Mortensen, 549 F. 2d at 891.   In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.  St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill Publishing, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

## DISCUSSION

**A.  Naturalization Proceedings**

Title 8 U.S.C. § 1446 provides directions to an applicant, like Plaintiff, who wishes to file an application for naturalization.  Once an application is filed, 8 U.S.C. § 1446 lists the Service's requirements to conduct an investigation and have an examination.  The Service employee "designated to conduct any such examination shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C.A. § 1446(d).  Title 8 C.F.R. § 336.1 provides that after completing all examination procedures and "determining to deny an application for naturalization, the Service shall serve a written notice of denial upon an applicant for naturalization no later than 120 days after the date of the applicant's first examination on the application."   8 C.F.R. § 336.1(a).

If the Service denies the application for naturalization, the applicant may request a hearing before a senior immigration examiner.   8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.   The hearing before the senior immigration examiner must be conducted promptly and no later than 180 days from the date the appeal is filed. 8 C.F.R. § 336.2(b).

---

[1] When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).

3

If the examiner upholds the denial on appeal, the applicant may appeal the decision to a district court pursuant to 8 U.S.C. § 1421(c).  See 8 C.F.R. § 336.9(b) & (c).  Title 8 U.S.C. § 1421(c) provides:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

**B.  Issues Before the Court**

In this action, the parties agree that Plaintiff's application for naturalization has been denied, and Plaintiff has appealed the denial by requesting a hearing before a senior immigration examiner pursuant to  8 U.S.C. § 1447(a) and 8 C.F.R. § 336.2.   Although 180 days have passed, the Service has not held a hearing or issued a final decision.    Plaintiff requests that the court hear his application and enter a declaratory judgment that finds Plaintiff is entitled to be naturalized.    Defendants contend that this court has no jurisdiction to issue a ruling regarding Plaintiff's naturalization at this time.

**C.  Section 1447(b) Jurisdiction**

Plaintiff invokes this court's jurisdiction pursuant to 8 U.S.C. § 1447(b).   The United States Code provides a remedy if the Service fails to serve written notice within 120 days of an interview as set forth in 8 C.F.R. § 336.1.   If the Service fails to grant or deny a naturalization application within 120 days after the applicant is interviewed, the applicant may filed an application in United States District Court on the matter.   Title 8 U.S.C. § 1447(b) reads:

> (b) Request for hearing before district court
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

4

1  Title 8 U.S.C. § 1447(b) gives the district court exclusive jurisdiction over a pending
2  naturalization application when: (1) over 120 days pass from the date of the initial examination;
3  (2) the applicant properly invokes the court's authority; and (3) there are no deportation
4  proceedings pending against the applicant.  United States v. Hovsepian, 359 F.3d 1144, 1164 (9th
5  Cir. 2004).  In United States v. Hovsepian, the Ninth Circuit addressed whether 8 U.S.C. §
6  1447(b) gives district courts exclusive jurisdiction or concurrent jurisdiction over naturalization
7  applications.  Hovsepian, 359 F.3d at 1159-60.  The Ninth Circuit held that 8 U.S.C. § 1447(b)
8  allows the district court to obtain exclusive jurisdiction over those naturalization applications on
9  which the Service fails to act within 120 days if the applicant properly invokes the court's
10 authority.  Hovsepian, 359 F.3d at 1164.

11       However, not all invocations of 8 U.S.C. § 1447(b) are sufficient to vest exclusive
12 jurisdiction in the district court.   Hovsepian distinguished prior Ninth Circuit authority found in
13 Sze v. INS, 153 F.3d 1005 (9th Cir.1998).   In Sze, the INS granted a naturalization application
14 after the plaintiffs sued under 8 U.S.C. § 1447(b). In Hovsepian the Ninth Circuit found that the
15 district court in Sze did not have exclusive jurisdiction because the applicant in Sze did not ask
16 the district court to decide the applicants' naturalization petition, but rather requested the court
17 issue a writ of mandamus requiring the INS to act faster on the applications.  Hovsepian, 359
18 F.3d at 1161.   Because the issue in Sze was only a request to force the INS to act, and the
19 applicants were not asking the district court to review the naturalization applications de novo, the
20 Ninth Circuit court had no occasion to examine whether it could act.  Hovsepian, 359 F.3d at
21 1161.

22       Here, Plaintiff is asking the court to exercise exclusive jurisdiction pursuant to 8 U.S.C. §
23 1447(b) over Plaintiff's naturalization application.    However, Section 1447(b) does not apply
24 to the part of the naturalization process when an applicant is appealing of the denial of his
25 application.   The undisputed evidence before the court reveals that the Service has denied
26 Plaintiff's application, and it is Plaintiff's administrative appeal that is pending.   Thus,
27
28                                         5

jurisdiction pursuant to Section 1447(b) is not available.

What remains pending before the Service at this time is Plaintiff's appeal and request for a hearing before a senior immigration examiner. The Code of Federal Regulations requires this hearing be conducted no later than 180 days from the date the appeal is filed. 8 C.F.R. § 336.2(b). However, Section 1447 does **not** give this court jurisdiction over those naturalization appeals for which the Service fails to act within 180 days. Given that Section 1447(b) specifically provides jurisdiction if the Service fails to act within 120 days during the examination process, Congress clearly knew how to give this court jurisdiction over stalled applications. By not specifically providing for jurisdiction if the Service fails to act within 180 when conducting an appeal, the plan language of the Section 1447 clearly shows Congress's desire to not have the court interfere with the appeals of applications that have been delayed after a denial at the first level. Because in this case Plaintiff is awaiting a hearing before a senior immigration examiner as part of his appeal, this court has no jurisdiction under Section 1447(b) to either force the Service to rule on the appeal or review the naturalization application de novo.[2]

**D.  Section 1421(c)**

In the complaint, Plaintiff also asks that the court deem Defendants' delay as a final denial of his application and review the Service's denial pursuant to 8 U.S.C. § 1421(c). The court declines to exercise jurisdiction pursuant to Section 1421(c). First, Plaintiff has not cited, and this court was unable to find, any authority for the proposition that the failure of a senior hearing officer to hold a hearing and rule on an appeal within 180 deems the appeal denied.

Second, other than the limited review set forth under Section 1447(b) and discussed above, the court may **only** review the denial of a naturalization application if the applicant has exhausted his or her administrative appeals. See 8 U.S.C. §1421(c). "Unsuccessful applicants must first take an administrative appeal of the denial and complete the INS's administrative

---

[2] The court makes no finding on whether a petition for writ of mandamus may be available if the Service delays more than 180 days at this stage of the process. No petition for writ of mandamus is currently pending before the court.

6

process before seeking judicial review." Hovsepian, 359 F.3d at 1162 n.15 (citing 8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); 8 C.F.R. § 336.2.); Pichardo-Martinez v. Ashcroft, 399 F.Supp.2d 1043, 1045 (D.Ariz. 2005).

The court lacks jurisdiction to review Plaintiff's naturalization application under Section 1421(c) because he has not yet exhausted his administrative remedies by obtaining a hearing before an immigration officer. Title 8 U.S.C. § 1447(a) provides: "If, after an examination under section 1446 of this title, an application for naturalization is denied, the applicant may request a hearing before an immigration officer." Where, as here, exhaustion of administrative remedies is required by statute, exhaustion is jurisdictional and must be enforced. See McCarthy v. Madigan, 503 U.S. 140, 144 (1992); Coit Independence Joint Venture v. FSLIC, 489 U.S. 561, 579 (1989); Barron v. Ashcroft, 358 F.3d 674, 677 (9th Cir. 2004). Accordingly, the court lacks jurisdiction over this action pursuant to Section 1321(c).

**E. Equal Access To Justice Act**

While not specifically addressed in Defendants' motion, the complaint lists the Equal Access to Justice Act as a basis of this action. The Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides that prevailing parties in certain adversarial proceedings against the United States may recover attorney's fees from the United States. Title 5 U.S.C. § 504(a)(1) provides:

> An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust. Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought.

5 U.S.C. § 504(a)(1). Here, Plaintiff would not be entitled to these fees because, at this time, Plaintiff is not the prevailing party.

In general, the fees and expenses allowed for by Section 504(a)(1) are for adjudications

made under the Administrative Procedure Act that are subject to or governed by 5 U.S.C. § 554. Ardestani v. INS, 502 U.S. 129, 135 (1991); Collord v. U.S. Dept. of Interior, 154 F.3d 933, 936 (9th Cir. 1998).  Generally, immigration proceedings are not governed by the Administrative Procedure Act. See Ardestani, 502 U.S. at 137; Silveyra v. Moschorak, 989 F.2d 1012, 1015 (9th Cir.1993); Castillo-Villagra v. INS, 972 F.2d 1017, 1026 (9th Cir.1992); Full Gospel Portland Church v. Thornburgh, 927 F.2d 628, 630-31 (D.C. Cir.1991); Clarke v. INS, 904 F.2d 172, 174-78 (3d Cir.1990).  Thus, Plaintiff would not be entitled to the fees and costs that have arisen out of Plaintiff's naturalization application.

Finally, nothing in 5 U.S.C. § 504, nor any other provision of the EAJA, provides a basis for this court's jurisdiction over this action.

**ORDER**

Accordingly, based on the above memorandum opinion, the court ORDERS that:

1. Defendants' motion to dismiss is GRANTED;
2. This action is DISMISSED without prejudice; and
3. The Clerk of the Court shall close this file as this order terminates this action.

IT IS SO ORDERED.

**Dated:   April 12, 2007**            /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE